# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:16-cr-00051-MR-DLH-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **LARRY BROWN,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to direct the Bureau of Prisons to take custody of the Defendant [Doc. 135].

On April 20, 2016, the Defendant was charged in a Bill of Indictment, with one count of conspiracy to distribute and to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), and 846 (Count One); one count of distribution of a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Nine); and one count of possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Ten). [Doc. 14]. On June 6, 2016, the Defendant was brought to this Court for an initial appearance pursuant to a Writ of Habeas

Corpus Ad *Prosequendum* issued to the Gwinnett County Sheriff's Office in Lawrenceville, Georgia, where the Defendant was in state custody. [Doc. 30].

On August 25, 2016, the Defendant pleaded guilty to Count One of the Bill of Indictment pursuant to a written Plea Agreement. [See Docs. 76, 78]. This Court sentenced the Defendant on March 30, 2017 to a term of 151 months' imprisonment. [Doc. 120].

In his motion, the Defendant states that he is currently serving a state sentence for a violation of his parole stemming from his federal conviction for conspiracy to distribute methamphetamine. The Defendant contends that this state sentence is supposed to run concurrent with his federal sentence. It appears that the Defendant is now objecting to remaining in state custody after his conviction in this Court, and he seeks to serve his concurrent federal and state sentences while in federal custody. [Doc. 135].

The Defendant is not entitled to the relief that he seeks. "[W]hen a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* . . . the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." United States v. Evans, 159 F.3d 908,

912 (4th Cir. 1998). In other words, federal custody of the Defendant will not begin until after the Defendant has served his full state sentence with the State of Georgia. The Court is without authority to order the State to relinquish custody of the Defendant any sooner.

The Defendant also requests disclosure, pursuant to the Freedom of Information Act and the Privacy Act of "(1) Arrest warrant (2) Indictment (3) Police report(s) (4) Crime[ ] Lab Report(s) (5) Guilty Ple[a] Transcript (6) North Carolina Form for Writ of Habeas Corpus (7) The minutes of the court by the clerk of courts." [Doc. 135 at 4].

The Defendant's request is denied. The Defendant entered into a plea agreement in this case pursuant to which he agreed to waive "all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a." [Doc. 76 at 5 ¶ 20]. This waiver thus precludes the pending motion. See United States v. Lucas, 141 F. App'x 169, 170 (4th Cir. 2005) (per curiam).[1]

---

[1] In any event, federal courts are expressly excluded from the definition of "agency" for purposes of FOIA and Privacy Act disclosure requirements. 5 U.S.C. § 551(1)(B); Gayle v. Johnson, 275 F. App'x 211, 212 n.1 (4th Cir. 2008) (per curiam); Sheppard v. Revell,

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion to direct the Bureau of Prisons to take custody of the Defendant [Doc. 135], is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 28, 2017

Martin Reidinger
United States District Judge

---

No. 5:09-CT-3044-FL, 2010 WL 3672261, at *4 (E.D.N.C. Sept. 20, 2010).