# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:16-cr-00051-MR-DLH-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| LARRY BROWN, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Withdraw Guilty Plea" [Doc. 140].

## I. PROCEDURAL BACKGROUND

On August 25, 2016, the Defendant pled guilty pursuant to a written plea agreement to one count of conspiracy to distribute and to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. On March 30, 2017, the Defendant was sentenced to a term of 151 months' imprisonment. Judgment was entered on April 10, 2017. [Doc. 120]. The Defendant did not file a direct appeal. The Court received the present motion from the Defendant on January 10, 2018. [Doc. 140].

**II.    ANALYSIS**

In his motion, the Defendant asserts claims of ineffective assistance of counsel and contends that his guilty plea was not knowingly and voluntarily made.[1]  It therefore appears that the Defendant may have intended to bring an action pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his conviction and sentence.  The Court will thus provide the Defendant with notice, pursuant to Castro v. United States, 540 U.S. 375  (2003), that it intends to recharacterize this communication with the Court as an attempt to file a motion pursuant to 28 U.S.C. § 2255.  The Defendant shall be provided an opportunity to advise the Court whether he agrees or disagrees with this recharacterization of the motion.

Before making this decision, the Defendant should consider that if the Court construes this motion as one brought pursuant to § 2255, it will be his first § 2255 petition, which will mean that before he can thereafter file a

---

[1] Attached to the Defendant's motion are a number of documents, including an "Ecclesiastical Deed Poll"; a "Letter Rogatory of Relief"; a document which appears to be a receipt from the Barrow County Clerk of Superior Court in Winder, Georgia; a document entitled "Notice: Rescind All Signatures"; a document entitled "Notice of Waiver of Benefits and Privileges and Notice Dissolving All Adhesion Contracts"; and a UCC Financing Statement and Security Agreement, which both reference the Defendant as a "secured party," an "agent," and a "Straw man/Dummy Corporation." [Doc. 140-1]. None of these documents appears to seek affirmative relief from the Court.  In any event, these documents are frivolous in nature, as the law provides no basis for their filing. Accordingly, the Court will not address them further.

second or successive § 2255 petition, the Defendant must receive certification from the United States Court of Appeals for the Fourth Circuit. Moreover, in determining whether the Defendant agrees or disagrees with this recharacterization, he should consider that the law imposes a one-year statute of limitations on the right to bring a motion pursuant to § 2255. This one-year period begins to run at the latest of:

1. the date on which the judgment of conviction became final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Defendant may respond on or before 30 days from service of this Order. If the Defendant timely responds to this Order and does not agree to have the motion recharacterized as one under § 2255, he will be required to

withdraw his motion.  If the Defendant fails to respond to this Order or agrees to have the motion recharacterized as one pursuant to § 2255, the Court will consider the motion pursuant to § 2255 and shall consider it filed as of the date the original motion was filed.

If the Defendant agrees to have the motion considered as one filed pursuant to § 2255, the Court will provide a time within which an amendment to the motion, to the extent permitted by law, may be filed.  In filing an amended and restated motion to vacate, the Defendant must substantially follow the form for § 2255 motions which has been approved for use in this judicial district.  <u>See</u> Rule 2(c), Rules Governing Section 2255 Proceedings for the United States District Courts.  Accordingly, the Court will direct the Clerk of Court to send the Defendant the appropriate motion form.

**IT IS, THEREFORE, ORDERED** that the Defendant may comply with the provisions of this Order by written filing on or before thirty (30) days from service of this Order.

The Clerk of Court is respectfully directed to provide the Defendant the appropriate motion form along with a copy of this Order.

**IT IS SO ORDERED.**

Signed: January 22, 2018

Martin Reidinger
United States District Judge