THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00051-MR-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| LARRY BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Reply to the Government's Motion in Opposition to Motion for a Reduction in Sentence" [Doc. 204] and the Defendant's "Motion for a Reduction in Sentence Pursuant to the First Step Act and the Changes to the Compassionate Release Statute and 18 U.S.C. 3582(c)(1)(A)(i)" [Doc. 205], which the Court construes as a motion for reconsideration.

In November 2020, the Defendant filed a motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc. 194]. The Government opposed the Defendant's motion on numerous grounds. [Doc. 200]. On January 12, 2021, the Court entered an Order denying the Defendant's motion. [Doc. 203]. Specifically, the Court found that the Defendant had failed to

demonstrate that he had exhausted the necessary administrative remedies before filing his motion. [Id. at 5]. Even if the Defendant had been able to demonstrate exhaustion, the Court stated that it would still deny the motion because the Defendant had failed to demonstrate extraordinary and compelling reasons for his release. [Id. at 7]. Finally, the Court concluded that even if the Defendant could establish an extraordinary and compelling reason, analysis of the § 3553(a) factors continued to weigh in favor of his continued incarceration. [Id. at 13].

Subsequent to the entry of the Court's Order,[1] the Defendant filed the present Reply and the present Motion for a Reduction in Sentence, which he refers to as an "amended motion" in his cover letter. [Docs. 204, 205]. In both his reply and amended motion, the Defendant asserts that he has submitted two requests for compassionate release to the warden of his facility and never received a response to either request. [Doc. 204 at 1; Doc. 205 at 1]. Additionally, in his reply, the Defendant asserts that extraordinary and compelling reasons exist to support his request for a reduction in sentence, not only due to his health conditions, but also the BOP's failure to

---

[1] It appears that the Defendant provided these pleadings to prison officials for mailing prior to receiving the Court's Order.

adequately address the COVID-19 pandemic, the Defendant's rehabilitation while in prison, and the "extraordinary" nature of his original sentence. [Doc. 205 at 2-6, 7]. The Court will address each of these arguments in turn.

First, with respect to the exhaustion of remedies at BOP, the Defendant contends that he submitted two requests for compassionate release—one on October 1, 2020 and another on November 1, 2020—to the warden of his facility but never received a response. [Doc. 204 at 1]. The only documentation provided to support this contention, however, is a letter addressed to the warden and signed by the Defendant that is dated October 28, 2020. [Doc. 204-1]. This documentation, therefore, does not support his contention that he submitted compassionate release requests on the dates cited. There is also no indication that this correspondence was ever delivered to or received by the warden.

Even assuming that the Defendant satisfied the exhaustion requirements of § 3582(c)(1)(A), however, the Defendant's request for reconsideration is still denied. The Court previously concluded that the Defendant had failed to demonstrate extraordinary and compelling reasons for his release and that analysis of the § 3553(a) factors continued to weigh in favor of his continued incarceration. The new arguments asserted in the

Defendant's reply do not alter the Court's analysis on these issues. The Defendant argues that the BOP has failed to take adequate measures to protect the health and safety of its prisoners during the pandemic. [Doc. 204 at 2-6]. As the Court exhaustively explained in its prior Order, BOP has taken significant steps to protect prisoners and to reduce the spread of the virus within its facilities. [See Doc. 203 at 7-11].

The Defendant further argues that, in addition to his health conditions, his rehabilitation while in prison and the "extraordinary" nature of his sentence[2] weigh in favor of a sentence reduction. [Doc. 204 at 7]. As he noted in his original motion, the Defendant has both an excellent work record and a good behavioral record at BOP, which is to be commended. As the Court previously explained, however, the Defendant's offense of conviction was very serious, as it involved the distribution of a significant quantity of methamphetamine (1450 kg CDW), a dangerous drug which inflicts a great

---

[2] The Defendant contends that his sentence is "unusually long" because he was on state parole at the time that he committed the offense of conviction in this case and he served 35 months in state prison for that parole violation before commencing the service of the sentence in the present case. [Doc. 194 at 4]. The serving of a state sentence for a parole violation does not qualify as an extraordinary and compelling reason to reduce the Defendant's sentence in the present case. Moreover, Defendant argues that the sentence imposed herein was "disproportionately sever." [Id. at 26]. The sentence, however, was at the low end of the Guideline Range as calculated pursuant to the Sentencing Guidelines.

deal of harm to the communities within this District.  Further, the Defendant's offense conduct and extensive criminal history demonstrate that he has posed an ongoing threat to public safety over an extended period of time and that his release would pose a danger to the safety of any other person or to the community.  As such, consideration of the § 3553(a) factors, including the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes militate against a sentence reduction in this case.

Lastly, the Defendant makes several strong assertions that his rehabilitation has been "extraordinary," that he "has dedicated his life to changing his character," and is "a model rehabilitation." [Doc. 194 at 4]. Defendant, however, presents no evidence to support these conclusory assertions.  As such, there is no basis on which the Court could make such findings.  Defendant spends many pages arguing that Compassionate Release is something akin to the current version of parole, [Id. at 8-12, 21], even though he acknowledges that federal parole has been abolished. [Id. at 10].  Defendant candidly says that he is "asking this Court . . . for a second

5

chance." [Id. at 23]. Even though this Court has entertained many Compassionate Release motions and has granted some of them, the Court cannot grant Compassionate Release on the record presented here.

For all these reasons, the Court finds no basis to reconsider its prior Order.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for a Reduction in Sentence Pursuant to the First Step Act and the Changes to the Compassionate Release Statute and 18 U.S.C. 3582(c)(1)(A)(i)" [Doc. 205], which the Court construes as a motion for reconsideration, is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 9, 2021

Martin Reidinger
Chief United States District Judge